IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MIKE WATKINS, et al.,           )
                                )
        Petitioners,            )
                                )
v.                              )    CIV-10-893-W
                                )
JUSTIN JONES, Director, et al., )
                                )
        Respondents.            )

REPORT AND RECOMMENDATION

Petitioners are nine state prisoners[1] who appear *pro se* in this jointly-filed action. Petitioners allege in their "Petition" filed July 26, 2010, in the District Court of Oklahoma County that their constitutional rights have been violated by the Oklahoma Department of Corrections' failure to transport them from the Payne County Jail, where they are confined, to a correctional facility. Respondent Hauf removed the Petition to this Court, and Respondent Hauf has moved to dismiss the action.[2] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Upon preliminary review of the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts,[3] it is recommended that the Petition

---

[1] Ten individuals signed the Petition, but only nine Petitioners are listed in the caption.

[2] In the exercise of discretion by the undersigned, a response to the Motion to Dismiss is waived. LCvR 1(c).

[3] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

be dismissed. To the extent the Petition can be construed as a 42 U.S.C. § 1983 action seeking declaratory relief, the action should be dismissed for failure to state a claim upon which relief may be granted.

In the Petition, Petitioners assert that they have all been sentenced to terms of imprisonment in the custody of the Oklahoma Department of Corrections ("DOC"). However, due to overcrowding in state correctional facilities, DOC has delayed transporting them for assessment and reception into DOC custody. According to Petitioners, this delay has denied them the opportunity to earn sentence credits at a higher classification level or obtain access to rehabilitative programs, institutional law libraries, recreation, and medical care afforded to other inmates confined in a correctional facility. Petitioners have attached to the Petition documentary evidence reflecting that some of the Petitioners have corresponded with DOC in an effort to facilitate their transfer into DOC's assessment and reception center. As relief, Petitioners seek to be transported to DOC within a reasonable time period. Petitioners do not seek monetary damages.

Construing the *pro se* Petition generously, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972), the Petition asserts that Petitioners are effectively denied the same rights as those given to other convicted inmates confined in institutions in the custody of DOC and that the delay in transferring them to a correctional facility is effectively lengthening their sentences.

With respect to Petitioners' claims seeking a transfer to a state correctional facility, these claims challenge the execution of their sentences. As to these claims, the Petition is construed as a habeas petition filed pursuant to 28 U.S.C. § 2241. See <u>Montez v. McKinna</u>,

208 F.3d 862, 865 (10th Cir. 2000)("[A]n action is properly brought under . . . § 2241 as an attack on the execution of his sentence."). Pursuant to Rule 4, Supreme Court Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Under Oklahoma law, "[t]he length of any jail time served by an inmate before being transported to a state correctional institution pursuant to a judgment and sentence of incarceration shall be deducted" from the prisoner's term at the state institution. Okla. Stat. tit. 57, § 138(G). Additionally, the statute provides, with one exception apparently not relevant here, that inmates confined in county jails "as a result of the [DOC]'s reception scheduling procedure shall be awarded earned credits" at classification level two. Okla. Stat. tit. 57, § 138(G). Inmates must satisfy certain requirements to be eligible for promotion to a higher classification level (and the concomitant application of earned credits at a higher rate). Okla. Stat. tit. 57, § 138(D).

In this circuit, an inmate "has no constitutionally- protected liberty interest in earning . . . credits." Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir.), cert. denied, 549 U.S. 1059 (2006). See also Searcy v. Simmons, 299 F.3d 1220, 1226 (10th Cir. 2002)("'[T]he Constitution itself does not guarantee good-time credits for satisfactory behavior while in prison.'")(quoting Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Additionally, it is well established that inmates have no constitutional right to be housed in a particular prison. See Meachum v. Fano, 427 U.S. 215 (1976). The transfer of prisoners, even for disciplinary

3

reasons, generally falls within the expected range of confinement justified by the prisoner's sentence. Sandin v. Conner, 515 U.S. 472, 485 (1995).

In a similar habeas action previously filed in this Court, a state prisoner challenged the DOC's delay in transferring him from a county jail to a correctional facility and asserted that the delay prevented him from obtaining a higher classification level, which would reduce his sentence through the application of sentence credits. In Wilson v. Oklahoma, CIV-09-18-C, United States District Judge Cauthron dismissed the Petition, and Mr. Wilson appealed. The Tenth Circuit Court of Appeals concluded that Mr. Wilson had failed to make a substantial showing of the denial of a constitutional right based on these findings:

> Mr. Wilson is merely arguing for a right to the possibility of earning credits at a higher rate and early release. No such right exists under the Constitution. In fact, Mr. Wilson does not even have a constitutionally protected right to be conditionally released before the expiration of his sentence.

Wilson v. Oklahoma, 335 Fed. Appx. 783, 785, 2009 WL 1863678, *2 (10th Cir. June 30, 2009)(unpublished op.).

It is unfortunate that Petitioners are being held in a county jail, apparently for several months, prior to being transported to begin serving their sentences in a DOC-directed facility. However, Petitioners simply have not shown the denial of a constitutional right with respect to their continued confinement in a jail beyond the date of their sentencing.

In an alternative claim, Petitioners urge that they are entitled to judgment in the form of a declaration requiring Payne County Jail officials to provide them the same benefits, such as institutional law libraries, "proper medical services," and "adequate recreational facilities,"

4

as are provided to inmates incarcerated in a DOC facility.

"The court's function [under Fed. R. Civ. P. 12(b)(6)] is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). The plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007. Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, this standard does not apply to legal conclusions. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010)(quoting Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (20007)).

Equal protection "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). However, Petitioners, who have no right to be confined in a particular state correctional facility, are not similarly situated with inmates confined in state facilities. See Strickler v. Waters, 989 F.2d 1375, 1389 (4th Cir.), cert. denied, 510 U.S. 949 (1993)("[A]bsent a right to have been housed in a state facility during the time he was confined at [a local jail] . . . [Plaintiff] was not similarly situated for equal protection purposes with state prisoners in state facilities . . . ."

Petitioners's equal protection claim is based on the unsupported conclusion that all

5

state prisoners are entitled to the same conditions of confinement. The Tenth Circuit Court of Appeals recently rejected a similar argument by a federal prisoner in a footnote:

> The district court did not address Mr. Christiansen's claim that his pretrial confinement in the county jail violated his right to equal protection. Given his perfunctory presentation of the claim below, the oversight is not surprising (and Mr. Christiansen does not even mention it on appeal). In any event, the claim rests on a supposition - supported by no legal authority - that all persons in federal custody, wherever they are housed, must be held under the same conditions and, therefore, confinement at a county jail where conditions unavoidably (and quite reasonably) deviate from what an inmate in a federal facility might typically encounter is constitutionally impermissible. This position, which would in effect deny federal (and state) prison authorities the ability to temporarily relinquish physical custody of prisoners to local facilities, is meritless."

Christiansen v. Big Horn County Bd. of County Comm'rs, 2010 WL 1627833, * 10 n. 2 (10th Cir. Apr. 15, 2010)(unpublished op.). Petitioners' allegations of different treatment, based on an unsupported and unsound legal conclusion of entitlement to equal treatment, fail to state a claim of a violation of equal protection guarantees. Therefore, Petitioners' equal protection claim should be dismissed.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition, construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and also as a 42 U.S.C. § 1983 action seeking declaratory relief, be DISMISSED. Respondent Hauf's Motion to Dismiss (Doc. # 5) is STRICKEN as moot. The parties are advised of their respective right

to file an objection to this Report and Recommendation with the Clerk of this Court by September 13th, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 24th day of August, 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE